## GEORGE T. MITCHELL *vs.* BEULAH POLK PACK-HAM.

*Restrictive Condition in Deed.*

Appeal from the Circuit Court of Baltimore City.

This is a bill filed in the Circuit Court of Baltimore City by the appellee, to compel the specific performance by the appellant, of a written contract by which he agreed to purchase from her for the sum of thirty-five hundred dollars, a certain described parcel of unimproved real estate in Baltimore City, and by which she agreed, upon payment of the purchase-money, to convey said land to him by a deed to be executed at his expense, which should convey the property by a good and merchantable title. The sum of one hundred dollars was paid on the signing of the agreement, on September 19th, 1905, but the appellant refuses to pay the residue of the purchase-money and to accept a conveyance of the property because he alleges that the appellee cannot convey a good and merchantable title thereto, by reason of certain conditions and provisions contained in a deed from the North Baltimore Land and Improvement Company of Baltimore to Mary Polk, from whom the appellee derives her title, which conditions and provisions he alleges create a cloud upon her title. This deed bears date November 23rd, 1892, while the appellee's title was acquired under a deed from the Packham Glass Company of Baltimore City bearing date January 19th, 1904.

The conditions and provisions contained in the deed from the North Baltimore Land and Improvement Company of Baltimore City, are four in number. The first of these conditions is that no intoxicating beverages shall be sold or offered for sale on the premises, and that no saloons or places for sale of intoxicating drinks, and no slaughter houses or factories of any kind, or nuisances of any description shall be

erected on the property; and the fourth is that no stable or stables shall be erected on said property within seventy feet of the building lines of Tenth street, west, or forty feet of Pressbury street. The bill, however, alleges, and the answer admits, that the appellant has abandoned and waived all objections to the appellee's title to the property in question, so far as refers to said first and fourth conditions, and they may; therefore, be dismissed from consideration, except to observe that they are both *general* and *unqualified* restrictions upon title, the one forbidding *any* sale of *any* intoxicating liquor, or the erection of *any* place for the sale of liquor, or of *any* slaughter house, factory or nuisance of any description on the property, and the other forbidding the erection of *any* stable within certain lines.

The remaining conditions which are relied on are as follows:

"2nd. That not more than two dwellings shall be erected on said property within ten years next after the date of these presents."

"3rd. That *such* dwellings so erected upon the property shall set back at least fifteen feet from the building lines of Tenth street, west, and Pressbury street, and shall each aggregate in the cost of erection not less than three thousand dollars."

The Circuit Court being of opinion that these conditions and restrictions relied on by the defendant were no longer effective or of any binding force, decreed the specific performance asked, and from that decree this appeal has been taken.

It is fundamental law that in the interpretation of written contracts and instruments, it is the duty of the Court to ascertain, if possible, the intention of the parties, as manifested by the terms of the whole instrument, and the instrument in this case being a deed, it is equally fundamental that it must be construed most beneficially for the grantee. *Md. Coal Co.* v. *Cumberland & Penn. R. R.*, 41 Md. 343.

There is nothing in this deed, nor anywhere in this record, to suggest why these restrictions were made, or to throw light upon the intent of the parties as to their construction, but it

is argued in the appellant's brief that it should be presumed this property was part of a larger tract embraced in a general plan of development, and that the land company, for its protection, and for the benefit and advantage of those who might purchase land adjoining this property, caused these restrictions to be inserted, and, that reading between the lines that was the evident intent. Reading between the lines is always a delicate exercise of judicial authority, never safe unless restrained by a tender and vigilant conscience, and only permitted when the light thus obtained comes from the instrument itself, or from some source directly suggested by it. But we cannot go outside of both the instrument and the record, to make an assumption, and to do so in the manner here urged, would, moreover, be to subvert the rule which requires the deed to be construed most beneficially for the grantee.

The parties have deliberately chosen the phraseology of these restrictions in the deed, without any attempt to explain their meaning otherwise, and we are therefore necessarily confined to the language they have employed. It is apparent from the whole instrument that they knew when they wished to make the restrictions comprehensive and absolute, and when to limit and qualify their scope and operation.

In the first and fourth, these restrictions were directed against what the grantor evidently regarded as *per se* prejudicial to that neighborhood, or as in the nature of nuisances.

The second restriction was directed only against *dwellings*. To have provided that no dwelling should ever be erected on this property would have been practically to destroy its value, and it can scarcely be conceived that anyone would purchase land in a city subject to such a restriction, if capable of enforcement. But there was no such attempted prohibition. It simply limited to *two* the number of dwellings which could be erected during *ten* years succeeding the date of the deed. We have no more right to extend the time limit of ten years, or the limitation upon the number of dwellings, than we would have arbitrarily to alter any other term of the contract which the parties have expressed in clear and unambiguous language. We cannot make general and absolute, what they have limited and qualified.

The third restriction necessarily depends upon, and must be governed by the construction placed upon the second, otherwise it would be meaningless. It is irrevocably tied to the second restriction by the use of the word *"such."* This word so used, always refers to some antecedent in the context of the instrument, which explains its meaning. Here there is no question as to what is the antecedent since dwellings are nowhere else mentioned in this deed except in the second restriction. "Such dwellings" are those permitted to be erected by the second restriction, and these are limited to two in number during the prescribed period of ten years. Consequently the restriction as to the building lines can only apply to those dwellings mentioned in the second restriction. If it had been designed to apply to *all dwellings whenever erected*, the draftsman, instead of saying, "such buildings so erected," would have said with the precision which marks restrictions one and four, "all dwellings erected." We think it is clear that both these restrictions refer to the same ten-year period, and that having expired November 23rd, 1902, the restrictions are no longer effective.

Opinion by PEARCE, J., filed March 6th, 1906. *John P. O'Farrall*, for the appellant. *David Fowler* and *Geo. Whitelock*, for the appellee.